## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **G. CEFALU & BRO., INC.,** *et al.* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Civil Action No. PWG-14-309** |
| | ) |
| **ANGUS, INC.,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## REPORT & RECOMMENDATION

This Report and Recommendation addresses Plaintiffs G. Cefalu & Bro., Inc. ("Cefalu") and Coastal Sunbelt Produce Company ("Coastal")'s Motion for Entry of Default Judgment and Final Judgment. ECF No. 9.[1] Defendants Edma Maldonado and Luis Maldonado[2] have not filed a response and the deadline for the response elapsed on May 5, 2014. *See* Loc. R. 105.2.a. Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendation, Plaintiffs' Motion for Entry of Default Judgment be GRANTED.

## I.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff Cefalu is a Maryland corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. At all times pertinent to the allegations

---

[1] On April 21, 2014, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review a default judgment and/or make recommendation concerning damages. ECF No. 10.

[2] Angus, Inc., t/a El Toro Supermarket, t/a Pan Am Supermarket ("Angus"), is the third Defendant in this case. As alleged in the Complaint Angus is a Washington, D.C. corporation and was at all pertinent times "a dealer of wholesale and jobbing quantities of produce subject to the provisions of the [Perishable Agricultural Commodities Act]." ECF No. 1 ¶ 4.a. In seeking a default judgment Plaintiffs move for default judgment against the two individual Defendants and not the corporate Defendant.

in the Complaint, Plaintiff Cefalu is a dealer[3] subject to and licensed under the provisions of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499a *et seq*[4].  ECF No. 1 ¶ 3.a.  Similarly, Plaintiff Coastal is a Maryland corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.  At all times pertinent to the allegations in the Complaint, Plaintiff Coastal is a dealer subject to and licensed under the provisions of the PACA.  *Id.* ¶ 3.b.  Upon information and belief, Defendant Edma Maldonado is and was an owner, officer and/or director of Angus and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.  *Id.* ¶ 4.b.  Upon information and belief Defendant Luis Maldonado is and was an owner, officer and/or director of Angus, controlled the day-to-day operations of Angus, and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.  *Id.* ¶ 4.c.

"Between October 1, 2012 and April 8, 2013, Plaintiffs sold and delivered to Defendants, in interstate commerce or contemplation thereof, wholesale quantities of produce items worth the aggregate amount of $35,389.00 which remains unpaid[.]"  ECF No. 1 ¶ 5.  Defendants Edma Maldonado and Luis Maldonado accepted the goods and produce from Plaintiffs Cefalu and Coastal.  Defendants Edma Maldonado and Luis Maldonado accepted the goods and produce with the knowledge that Plaintiffs Cefalu and Coastal "became beneficiaries in a statutory trust

---

[3] "The term 'dealer' means any person engaged in the business of buying and selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered a 'dealer' in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a 'dealer' whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within the meaning of paragraph (4) of this section,  Any person not considered as a 'dealer' under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer.'"  7 U.S.C. § 499a(b)(6).

[4] A "perishable agricultural commodity (A) "[m]eans any of  the following, whether or not frozen or packed in ice; Fresh fruits and fresh vegetables of every kind and character; and (B) [i]ncludes cherries in brine as defined by the Secretary in accordance with trade usages."  7 U.S.C. § 499a(b)(4).

designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust." *Id.* ¶ 7.  Defendants Edma Maldonado and Luis Maldonado were aware, or should have been aware of the statutory trust, because the invoices issued by Plaintiff Cefalu and the invoices issued by Plaintiff Coastal included the following notices.

*Plaintiff Cefalu's Notice*

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

> Interest at 1.5% per month added to unpaid balance.  Buyer agrees to pay interest and attorney's fees incurred to collect any balance due hereunder.  Interest and attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under the PACA trust.

*See, e.g.,* ECF No. 9-4 at 8.

*Plaintiff Coastal's Notice*

> The Perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

> A FINANCE CHARGE of 1 1/2% per month will be added to all Accounts 30 days PAST DUE, which is an ANNUAL PERCENTAGE RATE OF 18% applied to the PREVIOUS BALANCE[.]

*See, e.g.,* ECF No. 11-1 at 11.

Plaintiffs Cefalu and Coastal allege Defendants Edma Maldonado and Luis Maldonado have failed to pay Plaintiffs as required by the PACA.  These Defendants have not responded to requests for payment.  ECF No. 1 ¶ 9.  These Defendants' refusal, failure and inability to pay demonstrate Defendants' failure to "maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets."  *Id.* ¶ 10.

Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499b[5], 499e(c)(5)[6] and therefore is based on a federal question.  *See* 28 U.S.C. § 1331.[7]  Personal jurisdiction exists over each Defendant based on residency within this judicial district or transactions occurring within this judicial district.  Venue is proper in this judicial district because a substantial part of the events or omissions occurred within the state of Maryland.  *See* 28 U.S.C. § 1391.

On January 30, 2014 Plaintiffs Cefalu and Coastal filed a Complaint.  Defendant Luis Maldonado was served a "Summons in a Civil Case" on February 16, 2014, *see* ECF No. 5, and Defendant Edma Maldonado was served a "Summons in a Civil Case" on February 17, 2014, *see* ECF No. 6, such that Defendant Luis Maldonado's Answer and Defendant Edma Maldonado's Answers were due March 10, 2014.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Neither Defendant has filed an Answer or otherwise responded to the Complaint.  On March 12, 2014 Plaintiffs Cefalu and Coastal moved for Clerk's Entry of Default for want of answer or other defense against Defendants Edma Maldonado and Luis Maldonado.  *See* ECF No. 7.  On April 14, 2014 the

---

[5] "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce: (4) For any commission merchant, dealer, or broker . . . to fail to maintain the trust as required under section 499e(c) of this title."

[6] "The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust."

[7] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Clerk of Court entered an Order of Default against Defendants Edma Maldonado and Luis

Maldonado.  *See* ECF No. 8.  Three days later, April 17, 2014, Plaintiffs Cefalu and Coastal

moved for default judgment against Defendants Edma Maldonado and Luis Maldonado.  *See*

ECF No. 9.  On April 21, 2014 Judge Grimm referred the case to the undersigned for a Report

and Recommendation on Plaintiffs' Motion for Default Judgment.  *See* ECF No. 10.  The

deadline for Defendants Edma Maldonado and Luis Maldonado to file a response to Plaintiffs'

Motion for Default Judgment elapsed on May 5, 2014.

       A.    *Transactions with Plaintiff Cefalu*

Between October 1, 2012 and March 23, 2013 there were seventeen (17) transactions

between Plaintiff Cefalu and Pan Am Supermarket ("Angus").  Fourteen of the transactions were

for the purchase and delivery of various produce and the three remaining transactions involved

Plaintiff Cefalu crediting Angus for specific produce.  The amounts of those transactions as

reflected on invoices issued from Plaintiff Cefalu to Angus are as follows:

| Date | Purchase/Credit | Amount |
|---|---|---|
| October 1, 2012 | Purchase | $1,144.75 |
| October 5, 2012 | Purchase | $2,590.25 |
| October 8, 2012 | Purchase | $1,963.50 |
| October 12, 2012 | Purchase | $3,155.00 |
| October 13, 2012 | Credit | - $180.00 |
| October 13, 2012 | Purchase | $438.00 |
| October 13, 2012 | Purchase | $108.00 |
| October 15, 2012 | Purchase | $1,385.50 |
| October 16, 2012 | Purchase | $200.00 |
| October 19, 2012 | Purchase | $1,369.00 |
| October 20, 2012 | Credit | - $20.00 |
| October 20, 2012 | Purchase | $846.00 |
| November 3, 2012 | Purchase | $773.00 |
| November 3, 2012 | Purchase | $126.00 |
| March 13, 2013 | Purchase | $322.00 |
| March 15, 2013 | Credit | - $391.00 |
| March 23, 2013 | Purchase | $1,821.50 |

*See* ECF No. 9-4 at 2-21.  The total outstanding amount owed by Defendants Edma Maldonado

and Luis Maldonado to Plaintiff Cefalu is $15,651.50.  This amount does not include interest at

1.5% per month added to the unpaid balance or attorneys' fees.

        B.      *Transactions with Plaintiff Coastal*

       Between March 1, 2013 and April 8, 2013 there were eleven (11) transactions whereby

Coastal sold and delivered various produce to Angus.  The amounts of those transactions as

reflected on invoices issued from Plaintiff Coastal to Angus are as follows:

| Date | Amount | Credit/Adjustment | Balance |
|------|--------|-------------------|---------|
| March 1, 2013 | $1504.50 | - $1136.25 | $368.25 |
| March 2, 2013 | $602.00 | | $602.00 |
| March 4, 2013 | $3411.50 | | $3411.50 |
| March 7, 2013 | $170.00 | | $170.00 |
| March 8, 2013 | $7539.50 | - $10.00 | $7529.50 |
| March 8, 2013 | $1953.00 | - $48.00 | $1905.00 |
| March 11, 2013 | $4635.25 | | $4635.25 |
| March 11, 2013 | $405.00 | | $405.00 |
| March 13, 2013 | $340.00 | | $340.00 |
| March 14, 2013 | $201.00 | | $201.00 |
| April 8, 2013 | $170.00 | | $170.00 |

*See* ECF No. 11-1 at 2-19.  The total outstanding amount owed by Defendants Edma Maldonado

and Luis Maldonado to Plaintiff Coastal is $19,737.50.  This amount does not include interest at

1 1/2% monthly for any unpaid balance.

       Defendants Edma Maldonado and Luis Maldonado are owners, officers and/or directors

of Angus, a dealer subject to the PACA.  Via Section 499e(c) of Title 7 of the United States

Code, Congress expressed its intention of discouraging burdens on commerce in perishable

agricultural commodities and of protecting the public interest by imposing liability on persons

who violate the PACA.

               (1) It is hereby found that a burden on commerce in perishable
               agricultural commodities is caused by financing arrangements
               under which commission merchants, dealers, or brokers, who have

not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest.  This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

(2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.  Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.  The provisions of this subsection shall not apply to transactions between a cooperative association, as defined in section 1141j(a) of Title 12, and its members.

(3) The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored.  The written notice to the commission merchant, dealer, or broker shall set forth information in sufficient detail to identify the transaction subject to the trust.  When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

(4) In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust. The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.".

(5) The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments.  Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1). Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true under penalty of perjury whether the defendant is in military service.  50 U.S.C. app. § 521(b)(1) ("In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit— (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").

The entry of default judgment is a matter within the discretion of the Court.  *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491,

494 (D. Md. 2002)).  As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d

402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong

policy that cases be decided on the merits.'"  *Id.* at 405 (quoting *United States v. Shaffer Equip.

Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).  Nonetheless, "default judgment is available when the

'adversary process has been halted because of an essentially unresponsive party.'"  *Id.* (quoting

*Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-

pleaded factual allegations in the complaint, other than those pertaining to damages.  *Ryan v.

Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default,

admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the

judgment, and is barred from contesting on appeal the facts thus established." (citation and

internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one

relating to the amount of damages—is admitted if a responsive pleading is required and the

allegation is not denied.").  It remains, however, "for the court to determine whether these

unchallenged factual allegations constitute a legitimate cause of action."  *Agora Fin., LLC v.

Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and

Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the

default . . . and the court, in its discretion, may require some proof of the facts that must be

established in order to determine liability."); *id.* (explaining that the court must "consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default

does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate

amount of damages."  *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81).  This is

so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.")

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]" *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A.    Liability

Approximately four months have passed since Edma Maldonado and Luis Maldonado were served with the Complaint, yet they have not pleaded or otherwise asserted a defense by filing an Answer. As a result, all of the factual allegations made in Cefalu and Coastal's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Cefalu and Coastal moved for a default judgment on April 17, 2014, and neither Edma Maldonado nor Luis Maldonado has responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost

its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him). Accordingly, the Court should grant default judgment on this Complaint if Cefalu and Coastal have established the liability of Edma Maldonado and Luis Maldonado.[8]

That accepting as true Cefalu and Coastal's well-pleaded allegations (the motion for default judgment, the declaration of Cefalu's controller, Cefalu's invoices, the declaration of Coastal's credit manager and Coastal's invoices), the undersigned finds Cefalu has proven the following:

(a) Between October 1, 2012 and March 23, 2013 Cefalu sold and delivered to Angus (which was owned, controlled, directed and/or operated by Edma Maldonado and Luis Maldonado) various wholesale lots of perishable agricultural commodities ("produce") worth $15,651.50;

(b) Angus (via Edma Maldonado and Luis Maldonado) accepted produce received from Cefalu;

(c) Each shipment of produce from Cefalu to Angus was memorialized on an invoice. Each invoice contained language required by section 5(c) of the PACA [7 U.S.C. § 499e(c)(4)] whereby Angus was notified of Cefalu's intent to preserve its statutory trust in the produce sold;

(d) The invoices Cefalu sent to Angus also included contractual terms whereby Angus was required to pay Cefalu interest on all outstanding invoices at 1.5% per month plus all collection costs including reasonable attorneys' fee;

(e) Angus (via Edma Maldonado and Luis Maldonado) has failed to make any payment under the trust provisions of the PACA.

---

[8] "Upon information and belief, Defendants [Edma Maldonado and Luis Maldonado] are neither infants nor incompetent persons and are not in the military service of the United States." ECF No. 9-8 at 3 (Surbey Decl. ¶ 5). *See* 50 U.S.C. app. § 521(b)(4) ("The requirement for an affidavit under paragraph (1) may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury.").

The undersigned finds Coastal has proven the following:

(a) Between March 1, 2013 and April 8, 2013 Coastal sold and delivered to Angus (which was owned, controlled, directed and/or operated by Edma Maldonado and Luis Maldonado) various wholesale lots of perishable agricultural commodities ("produce") worth $19,737.50;

(b) Angus (via Edma Maldonado and Luis Maldonado) accepted produce received from Coastal;

(c) Each shipment of produce from Coastal to Angus was memorialized on an invoice. Each invoice contained language required by section 5(c) of the PACA [7 U.S.C. § 499e(c)(4)] whereby Angus was notified of Coastal's intent to preserve its statutory trust in the produce sold;

(d) The invoices Coastal sent to Angus also included contractual terms whereby Angus was required to pay Coastal interest on all outstanding invoices at 1 1/2% per month;

(e) Angus (via Edma Maldonado and Luis Maldonado) has failed to make any payment under the trust provisions of the PACA.

Accordingly, Cefalu and Coastal have established Edma Maldonado's and Luis Maldonado's liability under the PACA and therefore a default judgment as to the failure to pay outlined in Cefalu and Coastal's Complaint is proper.

**B.    Damages**

In support of their claims for damages Cefalu has submitted a declaration of its controller, Coastal has submitted a declaration of its credit manager, and counsel has submitted a declaration. Cefalu seeks compensatory damages consisting of $15,651.50 for the unpaid perishable agricultural commodities and $4,116.15 in interest. Coastal seeks compensatory damages consisting of $19,737.50 for the unpaid perishable agricultural commodities and

12

$3,835.09 in interest.    The undersigned recommends Cefalu and Coastal be awarded compensatory damages accordingly.

Plaintiff Cefalu incurred legal fees totaling $1,327.76.  This claimed expense is supported by the declaration of Blake A. Surbey, Esquire, *see* ECF No. 9-8, and the Client Billing History, *see* ECF No. 9-9.  The hourly rates charged by Mr. Surbey ($275.00, practicing for two years) and Kate Ellis, Esquire ($325.00, practicing for ten years) are slightly above the hourly rates listed in Appendix B of the Local Rules.  The undersigned notes the hourly rates listed in the Local Rules are *guidelines*.  Considering Mr. Surbey's declaration, the Client Billing History, the twelve (12) factors used in determining a reasonable fee under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and this Court's local guidelines regarding hourly rates, the undersigned finds the requested fees, which total $1,327.76 for services provided to Cefalu and Costal (although Coastal did not incur legal expenses), are reasonable. The undersigned recommends Cefalu be awarded attorneys' fees in the amount of $1,327.76.

### RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiffs' Motion for Default Judgment (ECF No. 9);

(b) The Court award Plaintiff Cefalu, and against Defendants Edma Maldonado and Luis Maldonado, jointly and severally, $15,651.50 as the unpaid principal amount owed;

(c) The Court award Plaintiff Cefalu, and against Defendants Edma Maldonado and Luis Maldonado, jointly and severally, $4,116.15 as interest on the unpaid principal amount;

(d) The Court award Plaintiff Cefalu, and against Defendants Edma Maldonado and Luis Maldonado, jointly and severally, $1,327.76 as reasonable attorneys' fees;

(e) The Court award Plaintiff Coastal, and against Defendants Edma Maldonado and Luis Maldonado, jointly and severally, $19,737.50 as the unpaid principal amount owed;

(f) The Court award Plaintiff Coastal, and against Defendants Edma Maldonado and Luis Maldonado, jointly and severally, $3,835.09 as interest on the unpaid principal amount;

(g) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, continue to accrue on the judgment until satisfied by Defendants Edma Maldonado and Luis Maldonado; and

(h) The Court grant any other and further relief as it deems appropriate.


May 30, 2014                                          _____/s/_____
                                                                WILLIAM CONNELLY
                                                      UNITED STATES MAGISTRATE JUDGE